**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEREMY MICHAEL FLOOD, | ) | |
| | ) | Civil Action No. 24-634 |
| Plaintiff, | ) | |
| | ) | District Judge Cathy Bissoon |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| BUTLER COUNTY PRISON, *et al.*, | ) | Re: ECF No. 4 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Complaint for violation of civil rights, ECF No. 4, be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as frivolous, malicious, and for failure to state a claim on which relief may be granted. The claims against the Commonwealth of Pennsylvania – Court of Common Pleas, Judge Streib, and Magistrate Fullerton should be dismissed with prejudice. The claims against the Butler County, Pennsylvania District Attorney's Office ("District Attorney's Office"); Butler County Prison ("BCP"); Wexford Health Services ("Wexford"); and PrimeCare, Inc. ("PrimeCare") should be dismissed without prejudice, with leave to amend.

**II. REPORT**

    **A.    Factual and Procedural Background**

Plaintiff Jeremy Michael Flood ("Plaintiff") was a pretrial detainee incarcerated at the BCP in Butler County, Pennsylvania. He initiated the instant action by filing the Complaint and motion for leave to proceed *in forma pauperis* ("IFP") which were received on April 26, 2024. ECF No. 1. IFP status was granted on August 6, 2024. ECF No. 3.

1

Plaintiff sues BCP; the Commonwealth of Pennsylvania – Court of Common Pleas; the Butler County District Attorney's Office; Judge Streib; Magistrate Fullerton; Wexford; and PrimeCare. ECF No. 4 at 2-4.[1, 2]

The factual allegations in the Complaint are sparse and unclear. In the Complaint, Plaintiff alleges that BCP violated his rights by depriving him of the due process of law and theft of property. Id. at 5. Plaintiff asserts that his incarceration at BCP consisted of cruel and unusual punishment and that BCP illegally opened his legal mail. Id. He alleges that his cell conditions were unsanitary; he did not have access to the courts or attorney phone calls; he was placed in the Restricted Housing Unit as punishment; and he went 15.5 hours between meals. Id. at 8. Plaintiff alleges that the Court of Common Pleas restricted his access to his legal counsel of choice. Id. at 5. Plaintiff also appears to allege that he had a prejudiced jury and an inadequate pretrial conference with his attorney. Id. Plaintiff's claims against BCP, Wexford, and PrimeCare appear to arise out of the fact that he was refused adequate medical treatment. Id. at 6. He also alleges that he was "refused prior workers compensation treatment and transfers to appointments." Id. Plaintiff was also denied thyroid mediation that he was prescribed prior to incarceration. Id.

Plaintiff alleges that as a result of the aforementioned violations of his rights, his workers' compensation injury was not promptly addressed, and he now has "future concerns." Id. He also has concerns of thyroid damage, as well as mental duress that caused paranoia, hair loss, and weight gain. Id.

By way of relief, Plaintiff seeks "actual" and punitive damages. Id.

[1] Plaintiff's averments as to the "Court of Common Pleas" appear to relate to the Court of Common Pleas of Butler County, Pennsylvania.

[2] Although not identified in the caption of the Complaint, ECF No. 4 at 1, Plaintiff lists "Judge Streib" and "Magistrate Fullerton" as defendants in Section I.B of the form Complaint. Id. at 3.

B.      **Legal Standard**

28 U.S.C. § 1915 establishes the criteria for allowing an action to proceed IFP. Section 1915(e) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The standard for reviewing a complaint under Section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009). Under that Rule, dismissal is appropriate if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The United States Court of Appeals for the Third Circuit has held that, when determining whether to dismiss a complaint for failing to state a claim upon which relief can be granted, a district court should apply a two-part test in order to determine whether a pleading's recitation of

facts is sufficient. Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11 (citing Iqbal, 556 U.S. at 678). "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (quoting Iqbal, 556 U.S. at 679).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a Section 1983 action, a court must liberally construe a *pro se* litigant's pleadings and "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). "Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution." Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

That said, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc'd Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). A court further need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004).

Finally, the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint – regardless of whether the plaintiff requests to do so – when dismissing a case for failure to state a claim, unless doing so would be inequitable

or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

### C.    Legal Analysis

In order for a claim to be cognizable under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. First, the alleged misconduct giving rise to the cause of action must have been committed by a person acting under color of state law; and second, the defendant's conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), (overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330 – 331 (1986)).

### 1.    Defendant Court of Common Pleas is immune from suit.

Plaintiff alleges that Defendant Court of Common Pleas (of Butler County) restricted his access to his legal counsel of choice; that he had a prejudiced jury; and that his pretrial conference with his attorney was inadequate. ECF No. 4 at 5.

Defendant Court of Common Pleas is an entity of the Commonwealth of Pennsylvania, and enjoys immunity from Plaintiff's Section 1983 claims for damages under the Eleventh Amendment to the United States Constitution. Quern v. Jordan, 440 U.S. 332, 340-341 (1979). Culkin v. Kuhn, No. 13-431, 2014 WL 1414804, at *3 (W.D. Pa. Apr. 11, 2014). See also Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 197 (3d Cir. 2008) (citing Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005)) ("Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity.").

Further, in order to state a claim under Section 1983, a plaintiff must aver that the alleged deprivation was committed or caused by a person amenable to suit under Section 1983 and acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v.

Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). But the Court of Common Pleas is not a "person" within the meaning of Section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (state not person under Section 1983).

Based on the facts that are alleged in the Complaint, amendment of Plaintiff's Section 1983 claims against the Court of Common Pleas would be futile, and dismissal of the same should be with prejudice. See Fletcher-Harlee Corp., 482 F.3d at 251.

**2. Judge Streib and Magistrate Fullerton are entitled to judicial immunity.**

In Section I.B of the Complaint, Plaintiff appears to list Judge Streib and Magistrate Fullerton as part of the Butler County District Attorney's Office or "Commonwealth of Pennsylvania – Court of Common Pleas." ECF No. 4 at 3. He does not connect any specific factual allegations to Judge Streib and Magistrate Fullerton, but vaguely avers that they violated "due process" and "refused adequate counsel at preliminary magistrate and throughout criminal trial." Id. at 5.

It is a well-settled principle of law that judges are generally "immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991) (*per curiam*); see also Randall v. Brigham, 74 U.S. (7 Wall.) 523, 536 (1868) ("This doctrine is as old as the law, and its maintenance is essential to the impartial administration of justice."). That immunity secures a "general principle of the highest importance to the proper administration of justice": ensuring that a "judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself," Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 3473 (1871), and "without harassment or intimidation" in those "controversies sufficiently intense to erupt in litigation," Butz v Economou, 438 U.S. 478, 512 (1978). Judicial immunity is thus essential to judges' ability to exercise "independent and impartial . . . judgment." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 (1993).

The United States Supreme Court has made it clear that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56, (1978) (quoting Bradley, 80 U.S. (13 Wall.) at 351). As a result, a judge's immunity from civil liability "is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11–12, (citations omitted).

The Complaint contains no conceivable allegations that Judge Streib and Magistrate Fullerton acted outside the scope of their judicial capacity. Plaintiff merely states that they were involved in "due process" violations. ECF No. 4 at 5. In the absence of facts that would support application of some exception to the doctrine of judicial immunity, the allegations against Judge Streib and Magistrate Fullerton fail to state a claim upon which relief may be granted, and these claims should be dismissed with prejudice, as amendment of them would be futile.

### 3. The claim against the Butler County District Attorney's Office should be dismissed, with leave to amend.

Plaintiff appears to sue the Butler County District Attorney's Office as a governmental entity. Plaintiff generally alleges that the District Attorney's Office committed "due process violations." ECF No. 4 at 5.

As with the Court of Common Pleas, the District Attorney's Office is not a "person" under Section 1983. However, local governmental entities and municipalities can be considered "persons" under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) when appropriate circumstances have been met. A plaintiff must: "1) demonstrate the existence of an

unlawful policy or custom, and 2) prove that the municipal practice was the proximate cause of the injury." Rittenhouse Ent., Inc. v. City of Wilkes-Barre, 861 F. Supp. 2d 470, 480 (M.D. Pa. 2012). The policy or custom must be affirmative, so that it is "the 'moving force' of the constitutional violation at issue." Monell, 436 U.S. at 694. While Plaintiff lists the District Attorney's Office as a Defendant, he does not allege any specific facts involving it. ECF No. 4 at 3. He has not pleaded any facts that would allow a Monell claim to proceed against the District Attorney's Office.

It is also arguable that Plaintiff intends to sue an individual prosecutor within the District Attorney's Office. However, even if that is Plaintiff's intent, it is well-established that prosecutors possess absolute immunity from suit for money damages for actions taken as an "integral part of the judicial process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (internal quotes omitted). Absolute immunity applies regardless of the subjective intent of the prosecutor – even to the point that his or her intentions are "corrupt or illegal[,]" so long as the actions taken were part his or her "official duties as a [*sic*] officer of the court[.]" Duffy v. Freed, No 09-2978, 2010 WL 3740659, at *2 (D.N.J Sep. 17, 2010) (quoting Jennings v. Shuman, 567 F.2d 1213, 1221-22 (3d Cir. 1997) (internal quotes and citations omitted)); see also Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 502 (3d Cir. 1997).

Absolute prosecutorial immunity shields a prosecutor from liability for acts that range from the decision to initiate prosecution – even without having engaged in adequate investigation before filing charges, see Kulwiki v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir. 1992), to inducing a witness to commit perjury, see Rose v. Bartle, 871 F.2d 331, 345 (3d Cir. 1989), to failing to turn over exculpatory evidence before or during a criminal trial. Broam v. Bogan, 320 F.3d 1023, 1030 (9th Cir. 2003); see also Yarris v. Cnty. of Delaware, 465 F.3d 129, 137 (3d Cir.

2006). Immunity from suit under this doctrine extends even to conspiracy to prosecute a criminal defendant maliciously. Davis v. Grusemeyer, 996 F.2d 617, 628 n.20 (3d Cir. 1993) (abrogation on other grounds recognized by Knight v. Poritz, 157 F. App'x. 481, 487 (3d Cir. 2005)). See also Weber v. Erie Cnty., No. 19-00124, 2019 WL 5746204, at *4 (W.D. Pa. Nov. 5, 2019) ("The doctrine of absolute prosecutorial immunity precludes conspiracy-based claims as well.") (internal citations and parentheticals omitted).

However, the Supreme Court has held that absolute prosecutorial immunity does not attach when a prosecutor's conduct falls outside of his or her traditional advocacy functions – such as when the prosecutor engages in in "investigative" or "administrative" functions. See, e.g., Imbler, 424 U.S. at 430-31.

Plaintiff has alleged few facts and has not named an individual prosecutor in the Complaint. But Plaintiff may be in possession of facts that would permit a claim against an individual prosecutor to proceed. Accordingly, Plaintiff's claim against the District Attorney's Office (and any potential individual prosecutor) should be dismissed without prejudice, with leave to amend.

### 4. Plaintiff should be granted leave to amend his Fourteenth Amendment claims with respect to his medical care and conditions of confinement.

Plaintiff alleges in the Complaint that he suffers from various ailments and did not receive appropriate medical treatment while incarcerated. ECF No. 4 at 6. Plaintiff appears to intend to bring these claims against BCP, Wexford, and PrimeCare. Id. The Complaint also contains allegations that Plaintiff was subject to unsanitary cell conditions. Id.

Because Plaintiff was a pretrial detainee, any claim with respect to allegedly deficient medical care and cell conditions is brought under the Fourteenth Amendment. However, constitutional claims brought by pretrial detainees are analyzed "under the [same] standard used

to evaluate similar claims brought under the Eighth Amendment." <u>Mattern v. City of Sea Isle</u>, 657 F. App'x 134, 138 n.5 (3d Cir. 2016) (quoting <u>Natale v. Camden Cty. Corr. Facility</u>, 318 F.3d 575, 582 (3d Cir. 2003)). <u>See also</u> <u>Ginyard v. Del-Prete</u>, No. 20-1947, 2021 WL 3476601, at *3 (W.D. Pa. July 9, 2021), <u>report and recommendation adopted,</u> 2021 WL 3472150 (W.D. Pa. Aug. 6, 2021).

Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1978). In order to succeed on a claim of denial of medical treatment in violation of these rights under the Eighth Amendment standard, an inmate must show: (1) that he was suffering from a "serious" medical need; and (2) that the prison officials were "deliberately indifferent" to the serious medical need. <u>Id.</u> Additionally, "[t]o prevail against prison officials on a claim that an inmate's conditions of confinement violated the Eighth Amendment, the inmate must meet two requirements: (1) the deprivation alleged must be, objectively, 'sufficiently serious,' and (2) the 'prison official must have a sufficiently culpable state of mind.'" <u>Thomas v. Tice</u>, 948 F.3d 133,138 (3d Cir. 2020) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)). In order for Section 1983 liability to attach, a plaintiff must show that a defendant was personally involved in the deprivation of his or her federal rights. <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005).

Here, Plaintiff fails to allege either a deliberate indifference to a serious medical need claim or a conditions of confinement claim; he has also not alleged personal involvement from any named Defendant in these actions. Additionally, he did not allege any facts that would enable him to move forward with a <u>Monell</u> claim against these Defendants. Thus, Plaintiff fails to state a claim. However, leave to amend would not necessarily be futile. Therefore, Plaintiff

should be allowed to provide additional allegations of fact – and name additional Defendants, if necessary – in order to support this claim.

## III. CONCLUSION

Based on the foregoing reasons, it is respectfully recommended that the Complaint, ECF No. 4, be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as frivolous, malicious, and for failure to state a claim on which relief may be granted. All claims should be dismissed with prejudice, except for Plaintiff's claims against the Butler County, Pennsylvania District Attorney's Office, BCP, Wexford, and PrimeCare, for which he should be granted leave to amend.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, Plaintiff is permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: September 3, 2024                    BY THE COURT,

                                            */s/ Maureen P. Kelly*_____
                                            MAUREEN P. KELLY
                                            UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Cathy Bissoon
       United States District Judge

       JEREMY MICHAEL FLOOD
       212 PENNSYLVANIA AVE.
       ZELIENOPLE, PA 16063

11